UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                                Case No.  2:22-bk-00021-FMD
                                                                              Chapter 11
Joseph Robert Verna and
Karen Elizabeth Verna,

        Debtors.
_____/

## CASE MANAGEMENT SUMMARY

Joseph Robert Verna ("Dr. Verna") and Karen Elizabeth Verna ("Mrs. Verna"), the above-captioned debtors and debtors in possession ("Debtors"), by and through the undersigned proposed counsel, pursuant to Local Rule 2081-1(b), submit this Case Management Summary ("CMS") and respectfully state as follows:

### DESCRIPTION OF BUSINESS

1. Local Rule 2081-1(b)(1) requires that the CMS include a "description of the debtor's business[.]"

2. Dr. Verna works in regulatory compliance, whereas Mrs. Verna is currently unemployed.  Dr. Verna also owns: (i) half of the ownership interests of Neuromusculoskeletal Chiropractic and Rehabilitation Center, PC, a Pennsylvania Professional Corporation ("NMS"); (ii) half of the ownership interests of Chiropractic Medicine Auditing Professionals, LLC, a Pennsylvania limited liability company ("CMAP"); and one-third of the ownership interests of JCS Medical Group P.C., a Pennsylvania Professional Corporation ("JCS").  Each of NMS, CMAP, and JCS provide or provided chiropractic and rehabilitation services.

## LOCATION OF OPERATIONS AND OWNERSHIP OF SAME

3.     Local Rule 2081-1(b)(2) requires that the CMS list the "locations of the debtor's operations and whether leased or owned[.]"

4.     The Debtors reside at 2838 Thunder Bay Circle, Naples, Florida 34119, which the Debtors rent.  The Debtors have lived in Naples, Florida for more than One Hundred Eighty (180) days.

## REASONS FOR FILING CHAPTER 11

5.     Local Rule 2081-1(b)(3) requires that the CMS list the Debtors' "reasons for filing Chapter 11[.]"

6.     The Debtors fell into financial disrepair due to litigation in the Court of Common Pleas for Chester County, Pennsylvania ("Pennsylvania Court") captioned *Dr. Joseph Verna v. Dr. Carl Hiller et al*. and bearing Case No. 2020-00424 (the "Pennsylvania Action").  The Pennsylvania Action, as its caption suggests, involves Dr. Carl Hiller ("Dr. Hiller"), who co-owns NMS, CMAP, and JCS.  Dr. Verna initiated the Pennsylvania Action on or around February 14, 2020.  The Pennsylvania Action started with Dr. Verna filing counts alleging: (i) Dr. Hiller, NMS, and CMAP engaged in minority shareholder oppression; (ii) Dr. Hiller breached his fiduciary duty towards Dr. Verna and the companies he jointly owned with Dr. Verna (the "Applicable Companies"); (iii) Mrs. Susan Hiller, Dr. Hiller's wife ("Mrs. Hiller"), tortiously interfered with the Applicable Companies' operations, as well as Dr. Verna's relationship with the Applicable Companies; (iv) Dr. Hiller, NMS, and CMAP prevented Dr. Verna from inspecting their business records; (v) Mrs. Hiller falsely imprisoned Dr. Verna; (vi) Dr. Hiller and Mrs. Hiller unjustly enriched themselves at Dr. Verna's expense; and (viii) Dr. Hiller and Mrs. Hiller conspired to engage in the foregoing.  However, Dr. Hiller soon filed a

counterclaim and derivative claims on behalf of CMS and NMS and against the Debtors and Dr. Verna's mother.

7.     The Debtors are confident that they would have ultimately prevailed in the Pennsylvania Action; however, the Debtors spent tens of thousands of dollars litigating the Pennsylvania Action, and did not reasonably foresee the Pennsylvania Action coming to a timely resolution.  In light of the foregoing, on January 10, 2022 (the "Petition Date"), the Debtor initiated the above-captioned case ("Case") by filing a voluntary petition for reorganizational relief under Chapter 11, Subchapter V of Title 11 of the United States Code ("Bankruptcy Code").

## LIST OF OFFICERS, DIRECTORS AND INSIDERS

8.     Local Rule 2081-1(b)(4) requires that the CMS list each of the Debtor's "officers, directors and insiders (including relatives of insiders), if applicable, who receive salaries or benefits from the debtor[.]"

9.     The Debtors are individuals and, accordingly, have no officers or directors.  No insiders, or relatives of insiders, receive salaries or benefits from the Debtors.

## ANNUAL GROSS REVENUES

10.    Local Rule 2081-1(b)(5) requires that the CMS list "the debtor's annual gross revenues[.]"

11.    The Debtors' annual gross income for 2021 totaled approximately Two Hundred Sixty-Five Thousand and 02/100 Dollars ($265,000.02).  As of the Petition Date, the Debtors' year-to-date gross totals approximately Nine Thousand Two Hundred Thirty and 77/100 Dollars ($9,230.77).

**AMOUNTS OWED TO VARIOUS CREDITORS**

12. Local Rule 2081-1(b)(6) requires that the CMS list "amounts owed to various creditors, including" priority creditors, "secured creditors and their respective collateral", and "unsecured creditors[.]"

**A.    Priority Creditors**

13. The Debtors have identified Three (3) creditors likely to hold priority unsecured claims, and whose claims the Debtors believe total Seventy-Nine Thousand Nine Hundred Sixty-Seven and 63/100 Dollars ($79,967.63), including any amounts not entitled to priority.

14. The Three (3) creditors likely to hold priority unsecured claims are: (i) the Internal Revenue Service, which the Debtors believe are entitled to Sixty Thousand Two Hundred Forty-Eight and 17/100 Dollars ($60,248.17), including any amounts not entitled to priority; (ii) Keystone Collection Group, which the Debtors believe are entitled to Six Thousand Three Hundred Eighty Two and 33/100 Dollars ($6,382.33), including any amounts not entitled to priority; and (iii) the Pennsylvania Department of Revenue, which the Debtors believe are entitled to Thirteen Thousand Three Hundred Thirty-Seven and 13/100 Dollars ($13,337.13), including any amounts not entitled to priority.

**B.    Secured Creditors and Collateral**

15. The Debtors have identified Four (4) secured claims collectively totaling Four Hundred Ninety-One Thousand Six Hundred Eighty-One and 16/100 Dollars ($491,681.16).

16. Upon information and belief, Capital One Auto Finance holds a claim totaling Twelve Thousand One Hundred Twenty-Five and 88/100 Dollars ($12,125.88) secured by a 2015 Mini Cooper S (the "Mini Cooper").

17. Upon information and belief, Exeter Finance LLC holds a claim totaling Twelve Thousand One Hundred Thirty-One and 76/100 Dollars ($12,131.76) secured by a 2011 BMW 1 Series (the "BMW").

18. Upon information and belief, First Resource Bank holds a claim totaling One Hundred Twenty-Seven Thousand Eight Hundred Fifty-Seven and 03/100 Dollars ($127,857.03) secured by real property and improvements thereon located at 21 Camberly Court, Downington, Pennsylvania 19335 (the "Pennsylvania Property").

19. Upon information and belief, Newrez LLC holds a claim totaling Three Hundred Thirty-Nine Thousand Five Hundred Sixty-Six and 49/100 Dollars ($339,566.49) secured by the Pennsylvania Property.

**C.     Unsecured Creditors**

20. The Debtors have identified Twenty-Six (26) general unsecured claims collectively totaling Six Hundred Sixty-Six Thousand Two Hundred Eighty-Eight and 20/100 Dollars ($666,288.20).

**GENERAL DESCRIPTION AND APPROXIMATE
VALUE OF DEBTOR'S CURRENT AND FIXED ASSETS**

21. Local Rule 2081-1(b)(7) requires that the CMS provide a "general description and approximate value of the debtor's current and fixed assets[.]"

22. The Debtors own the Pennsylvania Property, which is valued at Four Hundred Ninety-Two Thousand One Hundred and 00/100 Dollars ($492,100.00).

23. The Debtors own personal property, excluding items and interests of an unknown value, are collectively valued at Thirty-One Thousand Eighty-Five and 65/100 Dollars ($31,085.65). The Debtors' personal property consists of: (i) vehicles valued at approximately Twenty-Four Thousand Eight Hundred and 00/100 Dollars ($24,800.00); (ii) household goods

and furnishings valued at One Thousand and 00/100 Dollars ($1,000.00); (iii) electronics valued at Three Hundred and 00/100 Dollars ($300.00); (iv) clothing valued at Five Hundred and 00/100 Dollars ($500.00); (v) a mixed-breed dog valued at One and 00/100 Dollars ($1.00); (vi) deposits of money valued at One Thousand Five Hundred Seventy-Four and 34/100 Dollars ($1,574.34); (viii) bonds, mutual funds, or publicly traded stocks valued at Three Hundred Sixty-Seven and 94/100 Dollars ($367.94); (ix) a pension plan valued at Three Hundred Thirty-Three and 09/100 Dollars ($333.09); (x) a rent security deposit valued at One Thousand and 00/100 Dollars ($1,000.00); and (xi) college savings plans valued at One Thousand Seven Hundred and 00/100 Dollars ($1,700.00).  The Debtors also believe they are owed a tax refund of an unknown value, Dr. Verna has interests in CMAP, JCS, and NMS that are of unknown value, Dr. Verna has Florida and Pennsylvania Chiropractic Licenses of unknown value, and Dr. Verna has a term life insurance policy with no surrender or refund value.

24. Given the foregoing, the approximate value of the Debtors' current and fixed assets is collectively valued at Five Hundred Twenty-Three Thousand One Hundred Eighty-Five and 65/100 Dollars ($523,185.65).

## NUMBER OF EMPLOYEES AND GROSS AMOUNTS OF WAGES OWED AS OF PETITION DATE

25. Local Rule 2081-1(b)(8) requires that the CMS list the Debtors' "number of employees and gross amounts of wages owed as of [the] petition date[.]"

26. The Debtors have no employees and owe no wages as of the Petition Date.

## STATUS OF THE DEBTOR'S PAYROLL AND SALES TAX OBLIGATION

27. Local Rule 2081-1(b)(9) requires that the CMS provide the "status of the debtor's payroll and sales tax obligation, if applicable[.]"  Local Rule 2081-1(b)(9) is inapplicable here.

## ANTICIPATED EMERGENCY RELIEF TO BE REQUESTED

28. Local Rule 2081-1(b)(10) requires the CMS to disclose the "anticipated emergency relief to be requested within the first 14 days after the petition date[.]"

29. The Debtor does not anticipate requesting any emergency relief within the first Fourteen (14) days after the Petition Date.

## THE DEBTOR'S STRATEGIC OBJECTIVES

30. The Debtors' strategic objective is to pay their legitimate creditors upon reasonable terms through the Debtors' income, as well as by liquidating certain property of their bankruptcy estate. The Debtors seek relief under Chapter 11, Subchapter V of the Bankruptcy Code to achieve their goal of reorganization and reconciliation.

**Dated**: January 14, 2022

Respectfully submitted,

**DAL LAGO LAW**
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108
Telephone: (239) 571-6877

By: */s/ Christian Garrett Haman*
MICHAEL R. DAL LAGO
Florida Bar No. 102185
Email: mike@dallagolaw.com
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079
Email: chaman@dallagolaw.com
JENNIFER MARY DUFFY
Florida Bar No. 1028911
Email: jduffy@dallagolaw.com

*Proposed Counsel for*
*Joseph Robert Verna and*
*Karen Elizabeth Verna,*
*Debtors and Debtors in Possession*

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing shall be electronically served through the Court's CM/ECF Noticing system upon entry to all parties registered for service this 14th day of January 2022.

*/s/ Christian Garrett Haman*
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079

*Proposed Counsel for*
*Joseph Robert Verna and*
*Karen Elizabeth Verna,*
*Debtors and Debtors in Possession*